UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-80979-CIV-SMITH

MARGARETTE REVOL,

    Plaintiff,

v.

WELLINGTON REGIONAL MEDICAL
CENTER, *et al*,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

This matter comes before the Court upon Defendants' Motion to Dismiss the Complaint [DE 10]. Plaintiff, proceeding *pro se*, brings this employment discrimination action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–12117 ("ADA"), alleging that Defendants engaged in the failure to accommodate Plaintiff's disability and retaliation. Defendants contend that Plaintiff has failed to state a claim for employment discrimination under the ADA; that Plaintiff has failed to exhaust her administrative remedies for her retaliation claim; and that Plaintiff has improperly filed suit against two of the defendants. The Court has carefully reviewed the Motion to Dismiss, Plaintiff's Response [DE 12], Defendants' Reply [DE 13], the applicable law, and the record as a whole. For the reasons set forth below, the Motion to Dismiss is granted in part and denied in part.

I.    BACKGROUND

According to the allegations of the Complaint [DE 1], Plaintiff Margarette Revol began working at Wellington Medical Center as a full-time registered nurse in 2015 on a two-year

employment contract. Plaintiff suffers from a recurring blood coagulation disorder, which eventually turned into a pulmonary embolism (blood clot in the lungs). Her condition causes, among other things, a shortness of breath, chest pain, an inability to move rapidly, and hospitalization often. She first experienced the disorder in January 2016, and claims that it reoccurs every four months. Initially, the hospital would allow Plaintiff to take some time off from work to recuperate whenever her disorder would occur. Eventually, however, the hospital denied Plaintiff's request to work on a "per diem" schedule, among other requests for accommodations, which would have provided her with more flexibility in her work schedule and allowed her to manage her condition. Plaintiff continued to work full time and without accommodations while trying to apply for different positions on different floors of the hospital. After an over month long leave of absence, on June 28, 2017, Plaintiff received a call from the hospital's human resources manager, Mary Jo Caracciolo, who informed Plaintiff that she was being removed from the work schedule altogether. Plaintiff has been out of work since then.

This lawsuit followed. Plaintiff filed her Complaint in this Court on July 16, 2019, against Wellington Medical Center, Wellington Medical Center, Inc., Mary Jo Caracciolo, and Sam Cassel (the Chief Nursing Officer). The Complaint is set forth on a standard form for *pro se* plaintiffs for employment discrimination. Under the section asking about discriminatory conduct, Plaintiff checked (1) "failure to accommodate my disability" and (2) "retaliation." (DE 1 at 4.) Defendants have jointly moved to dismiss the Complaint with prejudice.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against Rule 8's legal standard. To survive a motion to

2

dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court's consideration is limited to the allegations in the complaint. *GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Although *pro se* pleadings are held to a less stringent standard and construed liberally, *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), a *pro se* complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III. DISCUSSION

### A. ADA - Discrimination

Defendants argue that the Complaint fails to state a claim for employment discrimination under the ADA. The ADA provides that an employer shall not discriminate against a qualified employee based on that employee's disability. 42 U.S.C. § 12112(a). To establish a prima facie case of discrimination, an employee must show (1) that she has a disability, (2) that she is a "qualified individual," and (3) that her employer unlawfully discriminated against her because of her disability. *See id.* at 1226. An employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide "reasonable accommodations" for the disability, unless doing so would impose undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9(a); *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1225–26 (11th Cir. 2005).

Defendants first contend that Plaintiff has failed to plead that she is disabled within the meaning of the ADA. The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual [and] a record of such an impairment." 42 U.S.C. § 12102(1)(A-B). The ADA states that "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Plaintiff has sufficiently alleged that she was disabled under the ADA during her employment at the hospital. The Complaint sets forth allegations that Plaintiff was "suffering from blood coagulation disorder which has transformed into a pulmonary embolism." (Compl. at 7.) She alleges that her disorder results in "shortness of breath, inability to move rapidly when necessary, and being hospitalized often." (*Id.*) Plaintiff further states that when her blood clots developed, she had "shortness of breath, fast and irregular heartbeats, chest pain, and extreme weakness." (*Id.* at 8.) As pled, Plaintiff's condition substantially limited major life activities including "walking" and "breathing." Thus, accepting the facts as true at the motion to dismiss stage, Plaintiff is disabled within the meaning of the ADA.

Defendants also argue that Plaintiff is not a "qualified individual" under the ADA. The ADA defines a "qualified individual" as someone with a disability who, either with or without reasonable accommodations, can perform the essential functions of her desired position. 42 U.S.C. § 12111(8); *Holly v. Clairson Indus.*, 492 F.3d 1247, 1256 (11th Cir. 2007). An accommodation—in other words, a modification or adjustment to the work environment—is "reasonable" under the ADA only if it enables the employee to perform the essential functions of the job. *Holly*, 492 F.3d at 1256. Essential functions are the "fundamental job duties of a position that an individual with a

disability is actually required to perform." *Id.* at 1257 (citing *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000); *see also* 29 C.F.R. § 1630.2(n)(2)(i). Whether something is an essential function is "evaluated on a case-by-case basis by examining a number of factors," *Holly*, 492 F.3d at 1257, including "the employer's judgment as to what functions of a job are essential" and any "written description [prepared] before advertising or interviewing applicants for the job." 42 U.S.C. § 12111(8); *see also D'Angelo*, 422 F.3d at 1230. Although the ADA may require an employer "to restructure a particular job by altering or eliminating some of its marginal functions," it "does not require [an] employer to eliminate an essential function of the plaintiff's job." *Holly*, 492 F.3d at 1256 (citations omitted).

Plaintiff has satisfied this element of her discrimination claim as well. The Complaint alleges that Plaintiff worked three days a week at the hospital from March 2015 to June 2017, when she was taken off the work schedule. Plaintiff claims that although she requested accommodations from the hospital in order to manage her condition—including a per diem schedule, light duty, working part-time, or letting her work on a "lighter" floor—the hospital refused to accommodate her. As such, Plaintiff remained employed and continued to work as a nurse until she was taken off the schedule. These allegations as a whole demonstrate that Plaintiff was capable of performing the essential functions of her job as a nurse, but sought adjustments to her schedule in order to alleviate the effects of her disability. Defendants characterize these requested accommodations as unreasonable because an employer should not have to tolerate an employee's absenteeism, even if caused by disability. However, the Complaint does not allege that Plaintiff sought to stop working altogether, but rather convert to a part-time position that would allow her more flexibility in her schedule should her symptoms worsen. But even assuming that Plaintiff's sought accommodations of a per diem schedule, light duty, or working part-time were

5

unreasonable, Defendants have not suggested that working on a lighter floor, as Plaintiff had requested, would be an unreasonable accommodation or otherwise impose an undue hardship on the hospital. Nor does the Court believe that it would. Plaintiff has sufficiently alleged that she is a "qualified individual" under the ADA. And, as Defendants do not dispute, Plaintiff has pled the third element of an ADA discrimination claim as well: that Defendants discriminated against her because of her disability.

The Court recognizes that Plaintiff's complaint is not the paragon of clarity. But as a *pro se* pleading, it need not be. As pled, Plaintiff has alleged a prima facie case of employment discrimination for failure to accommodate under the ADA, and, accordingly, Defendants' motion to dismiss is denied on this ground. The Court will, however, require that Plaintiff amend her complaint pursuant to the requirements of Federal Rule of Civil Procedure 10, which requires that a pleading "must state its claims or defenses in numbered paragraphs." Fed. R. Civ. P. 10(b).

### B. ADA – Retaliation

Defendants also contend that Plaintiff's retaliation claim must be dismissed because Plaintiff has failed to exhaust her administrative remedies as to this claim before initiating this lawsuit. Specifically, Defendants argue that Plaintiff failed to include in her charge form to the Equal Employment Opportunity Commission ("EEOC") any allegations of retaliation and therefore cannot bring such a claim in court.

"Before filing suit under the ADA, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC." *Butler v. Greif, Inc.*, 325 F. App'x 748, 749 (11th Cir. 2009); 42 U.S.C. § 12117(a) (applying remedies and procedures of Title VII to ADA). The purpose of this requirement "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and

promoting conciliation efforts." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983). A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). A plaintiff may allege claims that "amplify, clarify, or more clearly focus" the allegations in the EEOC charge form, but may not allege new acts of discrimination. *Litman v. Sec'y, of the Navy*, 703 F. App'x 766, 771 (11th Cir. 2017). Courts are "extremely reluctant" to allow procedural technicalities to bar claims and, accordingly, have found that the scope of an EEOC complaint should not be "strictly interpreted." *Id.*

Plaintiff's EEOC charge form checks the box form "disability," but not for "retaliation." (DE 10, Ex. B.) The description of her allegations against Defendants state as follows:

> I was employed by the above company as Registered Nurse on February 22, 2015.
>
> On February 12, 2017, I developed a medical condition and was admitted to the hospital. On March 31, 2017, I met with management and requested an accommodation to switch from fulltime to a fulltime per diem position because of my disability. During the meeting I received a written reprimand for using medical leave from February 12, 2017 through March 22, 2017. A week later, my request was denied. On June 28, 2017, I received a phone call from Human Resources and told I was taken off the schedule because of my disability. In July of 2017 I met with Human Resources and requested light duty or job modification of my job description which was denied.
>
> I believe I have been discriminated against because of my documented disability in violation of Palm Beach County Equal Employment Ordinance, Florida Civil Rights Act, as amended and the Americans with Disabilities Act Amendments Act of 2008 (ADAAA).

(*Id.*)

Although Plaintiff did not check "retaliation" on her EEOC charge form, the Court finds that this claim was "reasonably . . . expected to grow out" of the description of her allegations. *Gregory*, 355 F.3d at 1280 (11th Cir. 2004). According to the Complaint, Plaintiff was removed from her work schedule after seeking accommodations from Defendants; courts have routinely

7

held that this is a statutorily protected activity under the ADA for which a retaliation claim may be based on. *See, e.g., Cassimy v. Board of Educ. of Rockford Public Schools, Dist. No. 205*, 461 F.3d 932, 938 (7th Cir. 2006) (a request for accommodation is a "statutorily protected activity" for the purposes of establishing a claim of retaliation under the ADA); *Heisler v. Metropolitan Council*, 339 F.3d 622, 630 n.5 (8th Cir. 2003) ("the ADA prohibits an employer from retaliating against an employee who seeks an accommodation in good faith"); *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 191 (3d Cir. 2003) ("The right to request an accommodation in good faith is no less a guarantee under the ADA than the right to file a complaint with the EEOC."). Courts have also found that that employees can establish a case of retaliation under the ADA when there is evidence that an employee was terminated after returning from medical leave. *See Belk v. Branch Banking & Tr. Co.*, No. 16-80496-CIV, 2016 WL 4216675, at *5 (S.D. Fla. Aug. 10, 2016).

The EEOC charge form alleges the same facts as the Complaint: that Plaintiff "met with management and requested an accommodation to switch from fulltime to a fulltime per diem position because of [her] disability" which was denied, "received a written reprimand for using medical leave," and "was taken off the schedule because of [her] disability." (DE 10, Ex. B.) Thus, there is no "new act[] of discrimination" which would fail to put the EEOC on notice of her retaliation claim. *Litman*, 703 F. App'x at 771. As such, because these allegations put the EEOC on notice to investigate her claims, and because the Court will not strictly interpret an EEOC charge form against a non-lawyer plaintiff, the Court will not dismiss Plaintiff's retaliation claim. The motion to dismiss is denied on this ground as well.

### C. Individual Defendants

Finally, Defendants argue that Caracciolo and Cassel, as employees of Wellington, have been improperly named as defendants to this lawsuit because individual employees are not subject to liability under the ADA and therefore must be dismissed. Defendants are correct. The Eleventh Circuit has determined that the ADA does not provide for individual liability against employees. *Albra v. Advan, Inc.*, 490 F.3d 826, 829-34 (11th Cir. 2007) (holding that the ADA precludes individual liability for both discrimination and retaliation claims); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("We hold that the Disabilities Act does not provide for individual liability, only for employer liability."). Accordingly, Caracciolo and Cassel are due to be dismissed as parties from the case.[1]

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** Defendants' Motion to Dismiss the Complaint [DE 10] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants Mary Jo Caracciolo and Sam Cassel are **DISMISSED WITH PREJUDICE**. The Motion to Dismiss is **DENIED** on all other grounds.

2. Plaintiff shall file an amended complaint that complies with Federal Rule of Civil Procedure 10 by no later than April 6, 2020. Defendants shall file an answer by no later than April 20, 2020.

---

[1] To the extent Plaintiff seeks to sue Caracciolo and Cassel in their official capacities as agents of Wellington (though this is unclear from the face of the Complaint), Plaintiff has already named Wellington as a defendant; thus, naming Caracciolo and Cassel as defendants is redundant and unnecessary. *See Chaney v. Cmty. Hospice of Baldwin Cty.*, No. 1:18-CV-237-TFM-M, 2019 WL 489115, at *5 (S.D. Ala. Feb. 7, 2019).

3. Plaintiff is strongly encouraged to consult and/or retain an attorney to assist in the pleading and prosecution of her claims. The undersigned will refer this case to the Court's Volunteer Attorney Program by separate order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of March, 2020.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE