UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-80979-SMITH/MATTHEWMAN

MARGARETTE REVOL,

        Plaintiff,

v.

WELLINGTON REGIONAL MEDICAL CENTER, *et al.*,

        Defendants.
_____/

FILED BY ____KJZ____ D.C.

Aug 20, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL [DE 29]

**THIS CAUSE** is before the Court upon Defendant's Motion to Compel Plaintiff to Comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Motion") [DE 29]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 23. Defendant's Motion was filed on July 15, 2020. Pursuant to the Court's Order Setting Discovery Procedure [DE 25], Plaintiff, Margarette Revol's ("Plaintiff") Response to the Motion was due on Monday, July 20, 2020. No response has been filed by Plaintiff to date.

The Court has carefully reviewed Defendant's Motion [DE 29]. The Court will first grant Defendant's Motion by default due to Plaintiff's failure to respond to the Motion. According to Local Rule 7.1(c)[1], failure to file a response "may be deemed sufficient cause for granting the

---

[1] Local Rule 7.1 provides a party with 14 days to respond to a motion. However, the Court's Setting Discovery Procedure [DE 26] explicitly shortens that time period to five (5) days for discovery motions. The Court's Order Setting Discovery Procedure also explicitly states, "[t]o the extend that this Order conflicts with the procedures set forth in the Local Rules for the Southern District of Florida, this Order takes precedence." [DE 26, p. 2]. Nonetheless, it has now been more than one month since Defendant filed its Motion and Plaintiff has failed to respond.

1

motion by default." *Id.* Accordingly, pursuant to Local Rule 7.1(c), Defendant's Motion is **GRANTED** by default due to Plaintiff's failure to respond. *See James v. Wal-Mart Stores E., LP*, No. 18-CV-81325, 2019 WL 124308, at *1 (S.D. Fla. Jan. 8, 2019); *Affonso v. Se. Fla. Transportation Grp., LLC*, No. 14-81309-CV, 2016 WL 7507851, at *1 (S.D. Fla. Apr. 29, 2016).

Second, after careful review, the Court will grant the Motion on the merits. Defendant asserts that, on March 25, 2020, the parties engaged in a Rule 26(f) discovery conference. According to Rule 26(a)(1)(C), Plaintiff's initial disclosures were due on or before April 8, 2020. Defendant represents that Plaintiff has, to date, failed to provide any initial disclosures as required by Federal Rule of Civil Procedure 26. Plaintiff shall fully comply with her discovery obligations in this case.

The Court acknowledges that Plaintiff is proceeding pro se, and pro se plaintiffs are afforded a certain degree of latitude in federal court. However, the Court cautions Plaintiff that such license is limited, and a party's pro se status does not excuse noncompliance with a court's procedural rules. *See Kelly v. Old Dominion Freight Line, Inc*., 376 Fed.Appx. 909, 913-14 (11th Cir. 2010) (" '[P]rocedural rules in ordinary civil litigation' should not be interpreted 'so as to excuse mistakes by those who proceed without counsel.' " (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993))). Indeed, similar conduct by pro se plaintiffs has resulted in the ultimate sanction of dismissal of a pro se civil action. *See, e.g., Elrod v. Chase Home Fin*., 2010 WL 4638893, at *2 (N.D. Ga. Oct. 8, 2010) (recommending dismissal for pro se plaintiff's failure to file initial disclosures, certificate of interested persons, preliminary report and discovery plan, and for failure to comply with two court orders), adopted, 2010 WL 4638890 (Nov. 5, 2010).

Accordingly, it is hereby **ORDERED** that Plaintiff shall produce her Rule 26 initial

disclosures on or before **September 1, 2020**. The Court may take any or all of the following actions as a sanction if Plaintiff fails to comply with this Order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*See* Federal Rule of Civil Procedure 37(b)(2)(a). Additionally, the Court may enter an award of costs and attorney's fees against Plaintiff if she fails to comply with this Order or her discovery obligations.

It is further **ORDERED** that the Clerk of Court is directed to mail a copy of this order to:

<u>Magarette Revol, 9914 Shepard Place, Wellington, FL 33414</u>

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of August, 2020.

*[signature]*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE